IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK POTTER t/a REFLECTIONS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CITY OF CHESTER, et al. | : | No. 12-2058 |
| Defendants. | : | |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                         **November 9, 2012**

Plaintiff Frank Potter t/a Reflections commenced this civil action by filing a Complaint on April 17, 2012, alleging violations of his rights to due process and equal protection protected by the United States Constitution pursuant to 42 U.S.C. § 1983, as well tortious interference with business, against Defendants the City of Chester, Patrick O'Connell, Officer Chester Murak, and Police Major Joseph Bail, in connection with the closure of Plaintiff's restaurant (ECF No. 1). Presently before the Court are Defendants' Motions to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF Nos. 10, 13, 20). For the reasons that follow, Defendants' Motions are GRANTED with prejudice.

**I.      Factual and Procedural Background**

The following facts are drawn from the Amended Complaint.  In 1987, Plaintiff was given approval to open and operate a bar and restaurant at the location of 2813 West 9th Street, Chester, Delaware County, Pennsylvania 19103.  (Amend. Compl. at ¶ 11).  After the approval, Plaintiff acquired all necessary certificates, licenses, and permits in order to operate the business.

1

(Id. at ¶ 21).  Subsequently, Plaintiff and his son, Charles Fowler,[1] formed a corporation for the purpose of "purchas[ing] and sell[ing] liquor and amusements and entertainment" at the location in question.  (Id. at ¶ 22).  The business has allegedly operated lawfully as a bar and restaurant pursuant to Section 1353.02(f) of the Codified Ordinances of the City of Chester[2] (the "Zoning Ordinance") for approximately thirty years.  (Id. at ¶ 8).

According to the Amended Complaint, Defendants conspired to permanently shut down Plaintiff's business operations by repeatedly harassing Plaintiff's customers and restricting public access to his property without lawful justification.  (Id. at ¶ 31).  Some time prior to September 9, 2009, Officer Murak allegedly entered Plaintiff's property on numerous occasions, told Plaintiff that his business would be shut down, and frisked and detained his customers without a court order or any legal authority to do so.  (Id. at ¶¶ 12, 14-16).  In addition, Officer Murak allegedly brought criminal charges against Charles Fowler for the offense of risking a catastrophe even though he knew that no criminal act had occurred.  (Id. at ¶ 19).

On or about September 9, 2009, Plaintiff entered into a conditional licensing agreement with the Commonwealth of Pennsylvania Liquor Control Board ("LCB") in which Plaintiff agreed to no longer sell alcoholic beverages and to sell the business's liquor license.  (Id. at ¶ 23). Plaintiff continued to operate his business until the City of Chester Health Inspector advised him, on or about November 20, 2009, that the property needed to be rezoned because Plaintiff had sold his liquor license.  (Id. at ¶¶ 25-26).  Subsequently, on November 23, 2009, Officer O'Connell and members of the Chester Police Department, as well as agents of the City of

---

[1] Although Plaintiff's Amended Complaint describes Charles Fowler as a plaintiff, he is not identified as a plaintiff in the caption.

[2] Section 1350.02(f) states that "[a] building may be erected or used, and a lot may be used or occupied for any of the following purposes, and no other . . . [r]estaurant, eating place or cafe when authorized as a special exception."  Section 1350.02(f).

2

Chester, arrived at the location and shut the business down pursuant to a court order. (Id. at ¶ 28). Thereafter, on November 27, 2009, Major Bail and a number of Chester police officers allegedly went to the property and again shut it down by roping the business off with police tape and preventing the patrons from entering or leaving the restaurant because Plaintiff had surrendered the business's liquor license. (Id. at ¶ 29). Plaintiff also states that despite having a current Certificate of Occupancy ("CO")[3], on November 23, 2009, Defendants represented to Plaintiff that the business was operating without a CO and because of such, the business needed to be shut down until one was obtained. (Id. at ¶¶ 32, 34).

Plaintiff claims that the purpose of Defendants' conduct is to drive Plaintiff out of business to benefit an unnamed takeout pizza restaurant located at 2801 West 9th Street, Chester, Delaware County, Pennsylvania 19013, which Plaintiff claims is "politically favored" and "police friendly." (Id. at ¶ 43). Accordingly, Plaintiff seeks redress for Defendants' violation of the Due Process Clause of the Fourteenth Amendment through the arbitrary and capricious enforcement and interpretation of the Zoning Ordinance as well as the violation of the Equal Protection Clause of the Fourteenth Amendment by treating similarly situated businesses differently without a rational basis. (Id. at ¶¶ 35-39). Plaintiff further seeks redress for Defendants' tortious inference with his business and seeks punitive damages for the aforementioned offenses. (Id. at ¶¶ 40-51).

On June 13, 2012, the City of Chester, Officer Murak, and Major Bail filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 10). On June 15, 2012, Officer O'Connell filed a similar Motion (ECF No. 13), incorporating the other Defendants' Motion by reference. On July 13 and July 23,

---

[3] The Amended Complaint only includes a CO from 2005.

2012, respectively, Plaintiff filed Responses in Opposition to Defendants' Motions (ECF Nos. 14, 15).

On October 5, 2012, this Court issued an Order concluding that Plaintiff's factual allegations were insufficient. (ECF No. 16). Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court gave leave to Plaintiff to file an amended complaint for the purpose of alleging additional facts satisfying the "shocks the conscience" test for his substantive due process claim and/or "irrational and wholly arbitrary" test for his equal protection claims. Plaintiff filed an Amended Complaint on November 5, 2012 (ECF No. 19)[4]. On November 6, 2012, Defendants, City of Chester, Officer Murak, and Major Bail filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 20).

## II.  Legal Standards

### A.  Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### B.  Standard of Review

A claim may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). A valid

---

[4] The Amended Complaint included several new allegations that essentially restate the allegations in the Original Complaint while adding little substance to what has already been plead and as such are insufficient. The additions focus on the conduct of Officer Murak, alleging that the officer entered the business on numerous occasions to harass patrons and disrupt Plaintiff's business. The Amended Complaint additionally alleges that Officer Murak conspired with the health inspector to close down Plaintiff's business. The Amended Complaint further adds that Officer Murak would put tape around the building and not allow patrons to enter the business in addition to going the location and closing it down. The Amended Complaint goes on to state that Officer Murak allegedly charged Mr. Folwer with the offense of risking a catastrophe while knowing that Mr. Fowler had not committed any criminal acts and that such charges were brought to coerce Plaintiff into withdrawing its liquor license.

complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Generally, a district court may consider only facts alleged in the complaint and its attachments on a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). The court may also take into consideration a "document <u>integral to or explicitly relied upon</u> in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original).

The Third Circuit has held that a district court must conduct a two-part analysis to determine whether a claim survives a motion to dismiss. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the court must distinguish between the factual and legal elements of the claim. Id. at 210–11. The court must accept as true the plaintiff's well-pled allegations and construe the complaint in the light most favorable to the plaintiff, Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 253 (3d Cir. 2009) (citing Lewis v. Atlas Van Lines, Inc., 542 F.3d 403, 405 (3d Cir. 2008)), but not "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Fowler, 578 F.3d at 210 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Second, the court must inquire whether the complaint states a plausible claim to relief. Id. at 211 (citing Iqbal, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

**III.     Discussion**

Defendants move to dismiss Plaintiff's claims on several grounds. Initially, Defendants contend that both Plaintiff's federal and state law claims are barred by their respective two-year statutes of limitations. Next, Defendants contend that Plaintiff's allegations are inadequate to state a claim for violation of a constitutional right under 42 U.S.C. § 1983, or a claim for municipal liability against the City of Chester under Monell v. New York City Dep't of Soc. Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In addition, Defendants contend that Plaintiff's damages claims against the individual Defendants are barred insofar as they are sued in their official capacities, and that all Defendants are immune from liability on Plaintiff's state law claims under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, *et seq*. Finally, Defendants contend that Plaintiff's claims for punitive damages against the City of Chester as well as the individual Defendants are barred insofar as the latter are sued in their official capacities.

For the reasons that follow, and after careful consideration of the Amended Complaint and the parties' contentions, the Court concludes that Plaintiff's allegations are simply inadequate to state a claim for violation of a constitutional right under 42 U.S.C. § 1983, much less a claim for municipal liability under Monell. Because this provides a sufficient basis to dismiss Plaintiff's federal claims, the Court need not address Defendants' statute-of-limitations argument. Moreover, because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, it need not address Defendants' remaining contentions.

### A.     Plaintiff Fails to State a Claim for Violation of Due Process

It is not clear from the Complaint whether Plaintiff asserts a claim for deprivation of procedural or substantive due process, or both. Regardless, the allegations in the Complaint are wholly insufficient to state a claim under either theory of liability.

#### 1.     Procedural Due Process

To state a claim under § 1983 "for deprivation of procedural due process, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)). A state "provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body." DeBlasio v. Zoning Bd. of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392, 400 (3d Cir. 2003). Thus, "when a state affords a full judicial mechanism with which to challenge the administrative decision in question, the state provides adequate procedural due process . . . whether or not the plaintiff avails him or herself of the provided appeal mechanism." Id. (citations and internal quotations omitted). The Third Circuit has repeatedly determined that Pennsylvania's procedures for challenging administrative zoning decisions provide procedural due process. See Bello v. Walker, 840 F.2d 1124, 1128 (3d Cir. 1988), abrogated on other grounds by United Artists, 316 F.3d at 400; Rogin v. Bensalem Twp., 616 F.2d 680, 694-95 (3d Cir. 1980) (detailing procedural process available pursuant to Pennsylvania law).

7

Here, Plaintiff does not allege there was any error or irregularity in the procedures available in the Commonwealth to challenge the decision that his business was operating in violation of the Zoning Ordinance. To be sure, Plaintiff does not even allege that he availed himself of these procedures in the first place. Accordingly, Plaintiff's allegations are inadequate to state a claim for deprivation of procedural due process.

### 2. Substantive Due Process

The appropriate standard of review for alleged violations of substantive due process in the land use context, when one alleges executive action, is whether the action "shocks the conscience." United Artists, 316 F.3d at 399-400. Although this standard requires a fact-intensive inquiry, in the area of land use, it is "designed to avoid converting federal courts into super zoning tribunals." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 285 (3d Cir. 2004). Further, in Dev. Group, LLC v. Franklin Twp. Bd. Of Supervisors, No. CIV.A. 03-2936, 2004 WL 2812049 (Dec. 7, 2004 E.D. Pa. 2004) aff'd sub nom. Dev. Group, LLC v. Franklin Twp. Bd. of Supervisors, 162 F. App'x 158 (3d. Cir. 2006), a case addressing similar issues, the undersigned judge reiterated that the "shocks the conscience" standard prevents judges from acting as a zoning board of appeals. Id. at *15.

Land use decisions "are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government official acted with 'improper' motives." United Artists, 316 F.3d at 402. See also Skiles v. City of Reading, 449 F. App'x 153, 158 (3d Cir. 2011) (noting that "it is not the role of federal courts to provide a remedy for merely aggrieved land owners"); Associates in Obstetrics & Gynecology v. Upper Merion Twp., No. 03-2313, 2004 WL 2440779, at *3 (E.D. Pa. Oct. 29, 2004) (Baylson,

J.) (recognizing the "shocks the conscience" test as more stringent than the abrogated improper motive test). To that end, it has been consistently held that "only the most egregious official conduct" will shock the conscience. See id. (quoting Cnty. Of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998)). See also Lindquist v. Buckingham Twp., 106 F. App'x 768, 774 (3d Cir. 2004) (noting that "without more, a violation of state law, even a bad faith violation of state law, will not support a substantive due process claim in a land-use dispute.").

In Maple Properties, Inc. v. Twp. of Upper Providence, 151 F. App'x 174 (3d Cir. 2005), the Third Circuit stated that there was no conscience shocking conduct on the behalf of the defendant even where its ordinance "was irrational in light of land use goals, was passed 'in the dark' and without a 'deliberative process,' and was targeted selectively at [plaintiff] to preclude the company from making beneficial use of its property." Id. at 179-80 (noting that "unfair" or "improper," conduct will not necessarily transform local zoning disputes into a substantive due process claim). Further, in Sisk v. Sussex County, No. CIV. A. 11-121-RGA, 2012 WL 1970879 (D. Del. June 1, 2012), the District Court dismissed the plaintiff's claims noting that allegations of official animosity against the plaintiff did not shock the conscience. Id. at *5 (dismissing plaintiff's complaint alleging onerous zoning requirements and selective enforcement of zoning laws without a rational basis). Courts have also noted that allegations of bad motives do not give rise to conscience shocking behavior. Dev. Group, LLC, 2004 WL 2812049, at * 14. See also Highway Materials, Inc. v. Whitemarsh Twp., 386 F. App'x 251, 258 (3d Cir. 2010) (stating that even intentional misapplication of ordinances and the disregard of duties under Pennsylvania law remain only state law violations and do not shock the conscience); Cerino v. Towamensing Twp.,

9

No. CIV. A. 3:09-CV-812, 2009 WL 3241663, at *7 (M.D. Pa. Oct. 2, 2009) (noting that an intentional or recklessly caused injury as the result of misuse of government power can "fall short" of the shocks the conscience standard).

The Third Circuit has given some examples of when there may be conscience shocking behavior. Eichenlaub, 385 F.3d at 286. For instance, allegations of self-dealing and corruption or "bias against an ethnic group" may shock the conscience. Id. When alleging self-dealing or corruption, plaintiffs must set forth facts that raise the allegations beyond the realm of mere improper motives. Locust Valley Golf Club, Inc. V. Upper Saucon Twp., 391 Fed. App'x 195 (3d Cir. 2010) (affirming District Court's grant of summary judgment for defendants). In Locust Valley Golf Club, Inc., the plaintiff alleged that defendants' self-dealing shocked the conscience. Id. at 199. There, the plaintiff alleged that its land development applications were denied due to a member of the Board of Supervisor's personal interest in the property in question. Id. The Third Circuit rejected the plaintiff's theory and found that such allegations did not shock the conscience and at most showed improper motives on the behalf of the defendant. Id. More recently in Honey Brook Estates v. Honey Brook Twp., No. CIV. A. 09-6190, 2012 WL 2076985 (E.D. Pa. June 7, 2012), the defendant's summary judgment motion was granted because the plaintiff failed to establish conscience shocking behavior through the defendants' alleged self dealing. Id. at *15. There, the court noted that there was "no evidence that any individual defendant sought to benefit personally. . . . [and there was] no evidence that the Township was in a position to profit from denying [plaintiff's] land development applications." Id.

It appears that the courts have only found conscience shocking behavior in the land use context where the plaintiffs have plausibly alleged conduct arising from racial or ethnic

discrimination.  In Marjac, LLC v. Trenk, 380 F. App'x 142 (3d Cir. 2012), the Third Circuit vacated the District Court's grant of summary judgment under due process grounds because plaintiff raised an issue of material fact as to whether defendants' conduct towards plaintiffs shocked the conscience.  Id. at 147-48.  There, there was testimony stating that defendants' said "Italians aren't the best of people" and that they were connected to the mob.  Id. at 147.  Such animus was alleged to be the reason behind the defendants' selective enforcement of zoning laws.  Id.  Accordingly, the Third Circuit found a genuine dispute of material fact that the ethnic motivation of the defendants' may shock the conscience.  Id. at 147-48.  See also Rittenhouse Entm't, Inc. v. City of Wilkes-Barre, 861 F. Supp. 2d 470, 487 (M.D. Pa. 2012) reconsideration denied, No. 3:11-CV-6176, 2012 WL 1988785 (M.D. Pa. June 4, 2012) (finding that if plaintiff's allegations that defendant's purposely targeted plaintiff's nightclub for harassment due to the race of the patrons were true, such conduct would shock the conscience).

    Here, Plaintiff does little more than make vague allusions to a conspiracy carried out by Defendants, to drive Plaintiff out of business, perhaps in order to benefit a police friendly pizzeria.  Indeed, there are no allegations that Defendants have profited or benefitted personally from their alleged actions.  Rather, Exhibit B of the Amended Complaint shows that the purpose behind Defendants' actions was the prevention of crime that was occurring at Plaintiff's business.  (Amend. Compl. Exhibit B, ¶ 3).  Even accepting as true that Defendants' purpose of driving Plaintiff out of business was to benefit an unnamed pizzeria, there are no factual averments that Defendants would have profited or benefitted personally.  Such does not rise to a level of self-dealing that shocks the conscience, but rather, at most, such allegations point to an improper motive as noted in Maple Properties, Inc., Skiles, and Locust Valley Golf Club, Inc..  Further,

unlike Marjac LLC and Rittenhouse, there have been no allegations that the purpose of Defendants' conduct was to discriminate against Plaintiff based on race or ethnicity. Consequently, Plaintiff has at most established that he may be an aggrieved land owner involved in a local dispute.  As such, Plaintiff has failed to show that Defendants engaged in conscience shocking behavior that would give rise to a federal cause of action.

      B.      **Plaintiff Fails to State a Claim for Violation of Equal Protection**

In order for a plaintiff to successfully make an equal protection claim, he must allege facts demonstrating that the defendants, acting under color of state law, intentionally treated the plaintiff differently from others who are similarly situated, and that there is no rational basis for the difference in treatment.  Vill. Of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000).  Additionally, where the allegations of disparate treatment do not arise from "racial or other invidious forms of discrimination," but rather as a "class of one," the intentionally different treatment must be "irrational and wholly arbitrary."  Eichenlaub, 385 F.3d at 287 (noting that the "'irrational and wholly arbitrary' standard is doubtless difficult for a plaintiff to meet in a zoning dispute'") (quoting Vill. of Willowbrook, 528 U.S. at 564-65 (J. Breyer Concurring)).  Accordingly, violations in the land use context should be alleged with sufficient facts to alleviate any concerns about "transforming run-of-the-mill zoning cases into cases of constitutional right."  Vill. Of Willowbrook, 528 U.S. at 566 (Breyer, J. concurring).  See also Perano v. Twp. Of Tilden, 423 F. App'x 234 (3d Cir. 2011) (affirming the District Court's dismissal with prejudice because plaintiff failed to give specific factual allegations as to alleged similarly situated parties and failed to make a plausible showing of how plaintiff and such parties were similar in all relevant aspects).

12

Here, the Amended Complaint fails because Plaintiff does no more than state bare allegations that he was treated differently than others who are similarly situated and such treatment lacks a rational basis. (Amend. Compl. at ¶¶ 37-38). As stated above, the court does not need to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678). The allegations here merely recite the elements of an equal protection claim while failing to assert any facts to support a cause of action. Indeed, Plaintiff makes only vague mention to unnamed businesses while failing to claim how they are similarly situated and also fails to state what the allegedly different treatment is. See Cerino, 2009 WL 3241663, at *8 (dismissing plaintiff's complaint in part due to plaintiff's failure to identify a class of other similar situated businesses and noting mere mention of other businesses in the township as a class is too broad). See also Nordlinger v. Hahn, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992) (noting that for persons to be similarly situated they must be similar "in all relevant aspects"). Rather, Plaintiff generally concludes that he was not treated in the same manner as other unnamed restaurants and or cafes.

Plaintiff has also pled no facts that would show Defendants' lacked a rational basis for the supposed differential treatment. Indeed, cutting against Plaintiff's contentions, Exhibit B of the Amended Complaint shows that Defendants were acting in response to a prevalent problem of crime at Plaintiff's location. (Amend. Compl. Exhibit B, ¶ 3). Particularly, Exhibit B shows that prior to September 2009, Plaintiff's business had thirteen incidences of disturbance which involved, among other things, permitting minors to frequent the establishment, drugs, fights, and a shooting in addition to three adjudicated citations. (Id.).

In his allegations of tortious interference with business, Plaintiff mentions that Defendants

want to take away Plaintiff's business and send it to an unnamed pizzeria. (Amend. Compl. at ¶ 43). There, Plaintiff alleges that the pizzeria is "politically favored" and "police friend." (Id.). Yet, the Amended Complaint fails to state any facts in conjunction with such allegations that would show that Defendant's actions were irrational and wholly arbitrary. (Id.). As stated above, the Amended Complaint itself points to Defendants' desire to prevent future crimes from occurring at Plaintiff's business. Further, the Amended Complaint lacks any factual showing of how Plaintiff's business and the pizzeria are similarly situated for the purposes of an equal protection claim or that the alleged differential treatment lacks a rational basis. Therefore, Plaintiff fails to state a claim for violation of equal protection.

### D. Dismissal with Prejudice

The Supreme Court has stated that to grant a motion to dismiss with prejudice is a "harsh remedy." New York v. Hill, 528 U.S. 110, 118, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000). Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff to request leave to amend a complaint prior to the filing of a responsive pleading. The "amendment must be permitted . . . unless it would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Where a plaintiff "does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend . . . unless amendment would be inequitable or futile." Id. (emphasis omitted).

> 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal citations omitted). As noted above, even viewing the Amended Complaint in a light most favorably to Plaintiff and construing the

Amended Complaint to allege facts beyond mere conclusions, there is no claim. Plaintiff has alleged nothing that approaches conscious shocking behavior, nor does the Amended Complaint advance allegations which would transform the Amended Complaint from a local dispute to a federal matter. Indeed, the Amended Complaint establishes little more than the possibility of Plaintiff being an aggrieved land owner in a local dispute.

Here there is nothing in the Amended Complaint which would transform this matter from a local dispute into a federal matter. Given the alleged facts, this Court cannot construct a manner in which Plaintiff could successful allege conscience shocking or irrational and wholly arbitrary behavior and as such, permitting another amendment would prove futile.

Because the Court will dismiss Plaintiff's federal claims on the merits, it need not address Defendants' additional arguments in support of their Motion to Dismiss, and it declines to exercise pendant jurisdiction over Plaintiff's state law claims.[5]

## IV.  Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED with prejudice. An appropriate ORDER follows.

O:\CIVIL 12\12-2058 potter v. cty of chester\Memo re MTD 11.9.12.wpd

---

[5] For avoidance of doubt, because Plaintiff fails to state a claim for any constitutional violation, any potential Monell claim also must fail. In any event, the Complaint lacks any allegation that the alleged constitutional violations resulted from a policy or custom of the City of Chester.